UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARGO F. PINARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06CV1417 FRB |
| | ) | |
| LINDA S. McMAHON,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

BRIEF IN SUPPORT OF THE ANSWER

Nature of Action and Prior Proceedings

This suit involves two applications made under the Social Security Act (the Act). The first is an application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 et seq. (Tr. 80-83). The second is an application for supplemental security income (SSI) benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. (Tr. 37-39). Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a "final" decision of the Commissioner of the Social Security Administration under Title II. With respect to the Title XVI claim, section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205.

---

[1] Linda S. McMahon became the Acting Commissioner of Social Security on January 20, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff's applications were denied initially (Tr. 45, 30-34, 60-65).[2] On June 19, 2006, following a hearing, an administrative law judge (ALJ) found that Plaintiff was not under a "disability" as defined in the Social Security Act (Tr. 8-22). On September 13, 2006, the Appeals Council of the Social Security Administration denied Plaintiff's request for review (Tr. 3-6). Thus, the decision of the ALJ stands as the final decision of the Commissioner.

Statement of Facts

Plaintiff filed her applications for disability benefits under Title II and Title XVI on August 31, 2004 (Tr. 80-83, 37-39). She was born in 1942, and alleged that she became disabled beginning April 2, 2002 (Tr. 37, 80). She alleged disability due to a ruptured disk, depression and poor sleep (Tr. 80). Defendant adopts the ALJ's statement of facts (Tr. 12-17). A more specific analysis of the facts is incorporated into the Argument below.

Statement of the Issue

The issue is whether the final decision of the Commissioner is supported by substantial evidence on the record as a whole.

Argument

I.      Statutory Provisions

To establish entitlement to disability related benefits, Plaintiff has the burden of showing that she is unable to engage in any substantial gainful activity by reason of a medically determinable

---

[2] Missouri is one of several test states participating in modifications to the disability determination procedures which apply in this case. See 20 C.F.R. §§ 404.906, 404.966, 416.1406, 416.1466 (2006). These modifications include, among other things, the elimination of the reconsideration step and the elimination of the Appeals Council review step in the administrative appeals process. See id. Therefore, Plaintiff's appeal in this case proceeded directly from his initial denial to the administrative law judge level.

impairment which can be expected to end in death, or has lasted or can be expected to last for not less than 12 months. See 42 U.S.C. § 423(d) and § 1382c(a)(3)(A).

II.     Standard of Review

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. See Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). As long as substantial evidence in the record supports the Commissioner's decision, the court may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome or because the court would have decided the case differently. See Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001). If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision of the Commissioner. See Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000) (citations omitted). The Eighth Circuit has noted that "[w]e defer heavily to the findings and conclusions of the SSA." Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001).

III.    The ALJ Properly Determined Plaintiff's Credibility

In concluding that Plaintiff's testimony was not fully credible (Tr. 17-20), the ALJ's consideration of the subjective aspects of Plaintiff's complaints comported with the Commissioner's regulations at 20 C.F.R. §§ 404.1529(c), 416.929(c) (2006), and the factors for evaluating subjective complaints set forth in Polaski v. Heckler, 739 F.2d 1320, 1322

3

(8th Cir. 1984). Where an ALJ specifically discredits a claimant's testimony for stated reasons, the court normally defers to the ALJ's determination of credibility. See Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991). The primary question is not whether Plaintiff experiences the symptoms alleged, but whether it is credible that they are of the severity to prevent her from performing *any* type of work. See McGinnis v. Chater, 74 F.3d 873, 874 (8th Cir. 1996).

Although the Commissioner may not reject a claimant's subjective complaints solely because of lack of objective medical evidence, the absence of such evidence to support the degree of severity alleged is an important factor to be considered. See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997). On January 31, 2005, John D. Graham, M.D., stated "it would appear objectively that the patient has had an excellent outcome from her surgery" (Tr. 17, 227). A computerized tomography (CT) scan completed January 28, 2005, revealed a continuous and well-united interbody fusion at C4-C6 (Tr. 17-18, 227). Plaintiff walked without a limp and was able to change positions in a smooth, fluid manner (Tr. 18, 227).

The ALJ also considered the subjective evidence of record, in compliance with Polaski, and properly articulated inconsistencies which led him to find Plaintiff less than fully credible. For example, the ALJ properly considered Plaintiff's exaggerated symptoms (Tr. 17, 212, 217, 271, 322). See O'Donnell v. Barnhart, 315 F.3d 811, 818 (8th Cir. 2003) ("[A]n ALJ may discount a claimant's allegations if there is evidence that a claimant was a malinger or was exaggerating symptoms for financial gain."). The record in this case overwhelmingly supports the ALJ's conclusion that Plaintiff exaggerated her symptoms (Tr. 17-18). A functional capacity test revealed submaximal efforts and inconsistent validity criteria (Tr. 271). David S. Raskas, M.D., Plaintiff's treating physician, stated he "did not find any objective reason

4

for her continued subjective complaints (Tr. 271). In December 2004, Andrew M. Wayne, M.D., observed he "strongly believe[d] that she is self-limiting herself with neck motions in addition to lumbar motions" when she demonstrated only minimal ability to move her neck and lumbar spine (Tr. 17, 322). Dr. Graham stated "Subjectively, her complaints continue and would appear to be out of proportion to her objective findings" (Tr. 18, 227). Plaintiff was described as acting histrionic and quite grandiose in her description of the level of disability she was having (Tr. 227). On March 2, 2005, Dr. Graham opined "the patient is overly dramatic. Her behavior simply does not coincide with her reports" (Tr. 217). On March 23, 2005, Dr. Graham noted that Plaintiff was "still []quite dramatic in her description of her discomfort and what she is and is not able to do" (Tr. 212). Dr. Graham wrote:

> Her exam, she does show some improved range of motion of her neck. She still jumps and moans to any light touch of her neck, which would be consistent with wearing clothing ore even a coat touching her. It is noted today that she wears a scarf over her neck and she also wears a heavy wool coat in addition to her other clothing. This would apply more pressure or sensation to the neck than my light touching, yet she wears this without difficulty but any touch causes her to moan, jump and flinch.

(Tr. 212).

In fact, despite her subjective complaints, Plaintiff's treating doctors indicated she was capable of working. On October 12, 2005, Plaintiff told Dr. Graham she was applying for Social Security disability (Tr. 177). Dr. Graham stated he "simply cannot agree with this concept. The patient clearly is capable of functioning as a 63-year-old female. She certainly is capable of employment" (Tr. 177). Dr. Graham also stated that "Ms. Pinard is quite capable of functioning and she functions quite well" (Tr. 177). He also commented Plaintiff claimed to have trouble dressing yet she was always dressed quite stylishly with her hair done (Tr. 177).

5

In particular, Plaintiff argues the ALJ erred in considering her receipt of unemployment benefits (Tr. 19). See Pl.'s Br. at 16-22. Plaintiff testified that she did not think she would be unable to return to work at the time she applied for unemployment compensation (Tr. 467). A claimant who applies for unemployment compensation benefits holds herself out as available, willing, and able to work. Because such an application necessarily indicates an ability to work, the Eighth Circuit has found it is evidence which negates an applicant's claim that she was disabled. See Jernigan v. Sullivan, 948 F.2d 1070, 1074 (8th Cir. 1991). See also Black v. Apfel, 143 F.3d 383, 387 (8th Cir. 1998); Johnson v. Chater, 108 F.3d 178, 180 (8th Cir. 1997); Barrett v. Shalala, 38 F.3d 1019, 1023-24 (8th Cir. 1994). Furthermore, this was only one of many credibility factors considered by the ALJ.

Although Plaintiff alleged disability due to poor sleep, she testified she slept six hours a night with medication (Tr. 19, 454). When a claimant's complaints can be addressed with medication, it cannot be considered disabling. See Patrick v. Barnhart, 323 F.3d 592, 596 (8th Cir. 2003) (citing Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling")). She also has not been diagnosed with a sleep disorder (Tr. 19).

The ALJ articulated the inconsistencies upon which he relied in discrediting Plaintiff's testimony. Because substantial evidence supports his credibility finding, the ALJ's decision should be affirmed. See Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996).

III. The ALJ Properly Determined Plaintiff's Residual Functional Capacity

Plaintiff argues the ALJ erred in determining her residual functional capacity (RFC). See Pl.'s Br. at 6-10. "The Commissioner must determine a claimant's RFC based on all the relevant

6

evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations." McGeorge v. Barnhart, 321 F.3d 766, 767 (8th Cir. 2003) (citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)). See also SSR 96-8p, 1996 WL 374184 *5. "It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC." Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) (citing Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995)).

The ALJ found Plaintiff retained the ability to perform the full range of sedentary work (Tr. 21). The regulations define sedentary work as that which involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Walking and standing are required only occasionally. See 20 C.F.R. §§ 404.1567(a), 416.967(a) (2006). In order to perform sedentary work, an individual does not need to bend or twist and needs to stoop only occasionally. See Ownbey v. Shalala, 5 F.3d 342, 344 (8th Cir. 1993).

Specifically, Plaintiff argues that the ALJ failed to consider the totality of her impairments and failed to recognize her non-exertional impairments. See Pl.'s Br. at 7. Contrary to Plaintiff's argument, the overwhelming evidence of records supports the ALJ's RFC determination. In fact, both a consultative and examining physician opined that Plaintiff could perform the full range of sedentary work with no non-exertional limitations (Tr. 322, 206-07).

On December 20, 2004, Dr. Wayne, a consultative examiner, limited Plaintiff to lifting and/or carrying no more than 10 pounds and he saw no specific limitation in her ability to stand, walk or sit during an eight-hour workday (Tr. 322). On April 11, 2005, after recognizing that Plaintiff had a two level cervical fusion, Dr. Graham, Plaintiff's treating physician, opined that

Plaintiff was capable of "at least sedentary work and she was released with a sedentary work limit" (Tr. 206-07). In response, Plaintiff told Dr. Graham she did not think she was cable of working at any level stating "how could she get dressed" (Tr. 206). In his treatment notes, Dr. Graham questioned whether she dressed herself that day, which she affirmed (Tr. 206). Dr. Graham noted "[s]he always comes in stylishly dressed wearing accessories such as scarves, etc." (Tr. 206).

Plaintiff cites to a report from David T. Volarich, D.O., to support her argument that she has non-exertional limitations (Tr. 193). See Pl.'s Br. at 7. The ALJ, however, considered Dr. Volarich's report but accorded greater weight to the opinions of Plaintiff's treating doctors, Raskas and Graham (Tr. 19-20). As discussed above, Plaintiff's treating doctor believed she could perform the full range of sedentary work (Tr. 206-07).

Plaintiff also contends that the ALJ failed to consider her mental impairment. See Pl.'s Br. at 9. Plaintiff correctly noted the ALJ found she had no severe mental impairment (Tr. 19). She argues, however, the ALJ should have considered the limiting effects of all her impairments even if the impairment was not severe. See Pl.'s Br. at 9. Vincent F. Stock, M.A., performed a consultative examination and opined that Plaintiff was "not capable of handling a fill-time position due to her pain and significant work limitations" (Tr. 169). The ALJ properly discredited his opinion because Mr. Stock did not identify any clinical mental health-related diagnosis (Tr. 19, 168). Thus, the ALJ properly found no justification for Mr. Stock's opinion (Tr. 19). See Brosnahan v. Barnhart, 336 F.3d 671, 676 (8th Cir. 2003) (The ALJ properly discounted the opinion because it was based partly on consideration of physical impairments, an area outside the psychologist's expertise). Plaintiff's argument that the ALJ failed to include any

8

mental limitations in her RFC must fail. The evidence supports that ALJ's determination that she did not have any mental limitations. Dr. Wayne opined that Plaintiff was able to understand and remember instructions, sustain concentration and persistence with tasks, and interact socially and adapt to her environment without any significant limitations (Tr. 322). Dr. Graham described her general demeanor as "smiling, engaging, laughs, and shows no evidence of any discomfort" (Tr. 227).

Plaintiff also argues the ALJ erred by not recontacting Mr. Stock regarding his assessment. See Pl.'s Br. at 11-15. The ALJ should develop a reasonably complete record. See Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996); Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1996); 20 C.F.R. §§ 404.944, 416.1444 (2006). The Commissioner's regulations at 20 C.F.R. §§ 404.1512(e) and 416.912(e) require the ALJ to recontact a medical source only when the medical evidence is inadequate for the ALJ to determine whether a claimant is disabled. Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial. See Onstad v Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993). The record in this case was adequate for the ALJ to properly determine that Plaintiff had no mental limitations. As discussed above, Drs. Wayne and Graham found no problems in Plaintiff's mental functioning. Mr. Stock gave no diagnosis of a mental condition (Tr. 168). See Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005) ("Although that duty [to fully develop the record] may include re-contacting a treating physician for clarification of an opinion, that duty arises only if a crucial issue is undeveloped.").

The ALJ considered the credibility of Plaintiff's subjective complaints and the medical evidence of record in determining her RFC including her treating physician's report that she could perform sedentary work. Substantial evidence supports the ALJ's RFC determination.

III. The ALJ Properly Defined Plaintiff's Past Relevant Work

Plaintiff argues the ALJ improperly determined she could return to her past relevant work as an office manager. See Pl.'s Br. at 10-11. At step four of the sequential evaluation process the ALJ was required to make "explicit" findings regarding the actual physical and mental demands of Plaintiff's past work and compare the actual demands of her past work with her residual functional capacity. See Jones v. Chater, 86 F.3d 823, 826 (8th Cir. 1996); 20 C.F.R. §§ 404.1520(a)(4)(iv), (f) (2006), 416.920a(4)(iv), (f).

In this case, Plaintiff stated she worked as an office manager from 1993-1996 (Tr. 145). When specifically describing her duties, Plaintiff stated "I was manager of the office" (Tr. 148). Consistent with Plaintiff's description of her duties, the ALJ relied on the description of an office manager in the Dictionary of Occupation Titles (DOT) § 169.167-034 (Tr. 21). Although Plaintiff indicated that she lifted up to 50 pounds while performing her job as an office manager (Tr. 148), the DOT categorizes the job as sedentary work. Consistent with the DOT description of the office manager job, the ALJ properly found that Plaintiff could return to her past relevant work as it is generally performed in the national economy (Tr. 21). "Where the claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled." Lowe v. Apfel, 226 F.3d 969, 973 (8th Cir. 2000)(citing Jones, 86 F.3d at 826).

Plaintiff also argues the ALJ erred by not considering her age pursuant to the Medical Vocational Guidelines.  See Pl.'s Br. at 15-16.  Contrary to Plaintiff's argument, because the ALJ found that Plaintiff could return to her past relevant work, he was not required to proceed to step five of the sequential evaluation process.  Since Plaintiff did not meet her burden of making a prima facie showing that she could not return to her past relevant work, the burden never shifted to the Commissioner, and thus, use of the medical vocational guidelines or vocational expert testimony was not necessary.  See 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), 416.920(a)(4)(iv), (f); Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996).

## Conclusion

Plaintiff had a fair hearing and full administrative consideration in accordance with applicable statutes and regulations.  Substantial evidence on the record as a whole supports the Commissioner's decision.  Accordingly, the Commissioner's decision should be affirmed.

    Respectfully submitted,

    CATHERINE L. HANAWAY
    UNITED STATES ATTORNEY

      s/ Jane Rund
    JANE RUND, Bar #47298
    Assistant United States Attorney
    111 S. 10th Street, Suite 20.333
    St. Louis, Missouri 63102
    (314) 539-2200
    (314) 539-2777 FAX

    OF COUNSEL
    Frank V. Smith III
    Chief Counsel, Region VII
    Social Security Administration

    By
     Christina Young Mein, Bar No. 49775
     Assistant Regional Counsel

CERTIFICATE OF SERVICE

       I hereby certify that on January 25, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Traci L. Severs, Attorney for Plaintiff, Metropolitan Square, Suite 2995, 211 North Broadway, St. Louis, Missouri 63102.

      s/ Jane Rund
JANE RUND #47298
Assistant United States Attorney